IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DEIRA GLOVER, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. 1:21-cv-107 | |
| § | | |
| BRENDA LOPEZ, et al., § | | |
| Defendants. § | | |

## OPINION AND ORDER

On July 16, 2021, Plaintiff DeIra Glover filed a civil rights complaint against Defendants Brenda Lopez, Eloy Cano, and Fabian Limas. Dkt. No. 1. He has amended his complaint to raise claims against Cameron County. Dkt. No. 22.

Because Glover is a prisoner, the Court has a statutory obligation to review the pleadings to determine if the complaint states a claim upon which relief can be granted. 28 U.S.C. § 1915A(a)-(b).

After reviewing the record and the relevant case law, this case is dismissed with prejudice for failure to state a claim upon which relief can be granted.

**I. Background**

**A. Factual Background**

On October 19, 2020, Sergeant Brenda Lopez of the Combes Police Department submitted four felony complaints to Cameron County Justice of the Peace Eloy Cano, seeking to have Glover arrested. Dkt. No. 1. On that same day, Cano signed the warrants. Id.

On October 20, 2020, Lopez arrested Glover. Dkt. No. 1. Glover claims that he was denied bond by Cameron County Magistrate Judge Fabian Limas, Jr. Id.

Glover, who was a teacher at Jubilee Academies at the time of his arrest, has three separate criminal cases pending against him in state court. In one case, Glover been indicted for: two counts of aggravated sexual assault of a child; two counts of online solicitation of a child younger than 14; one count of an improper relationship between

1

educator and student. State v. Glover, 2020-DCR-2311 (357th District Court). In another case, he faces one count of continuous sexual abuse of a child, two counts of an improper relationship between educator and student and 22 counts of online solicitation of a minor. State v. Glover, 2021-DCR-00914 (357th District Court). In the third case, he faces one count of solicitation of a minor and one count of an improper relationship between educator and student. State v. Glover, 2020-DCR-02312 (357th District Court).

According to documents provided by Glover, he has a total bail of $240,000 in one of his cases, State v. Glover, 2021-DCR-00914 (357th District Court). Dkt. No. 24-1, p. 2. He has an additional total bond of $60,000 as to another case, State v. Glover, 2020-DCR-02312 (357th District Court). Dkt. No. 22-1, p. 3. Thus, based on these documents, Glover has a total bond of at least $300,000. All three criminal cases remain pending.[1]

### B. Procedural Background

On July 16, 2021, Glover filed a prisoner civil rights complaint against Lopez, Cano and Limas. Dkt. No. 1. Glover claims that Lopez and Cano violated his procedural due process rights by not giving him a copy of the complaint against him before he was arrested. Id. He also claims that Lopez, Cano and Limas denied him the right to bail. Id.

On September 10, 2021, Glover filed an amendment to his complaint, seeking relief against Cameron County for its bail-setting procedures. Dkt. No. 20.

Because Glover's complaint fails to state a claim upon which relief can be granted, the Court has not ordered the Defendants to respond.

## II. Applicable Law

### A. Section 1983

As relevant here, 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or

---

[1] The Court can take judicial notice of the state court proceedings when deciding if a complaint fails to state a claim upon which relief can be granted. Kahn v. Ripley, 772 F. App'x 141, 142 (5th Cir. 2019) (citing Taylor v. Charter Med. Corp., 162 F.3d 827, 829 (5th Cir. 1998)).

> immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Id.

Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144, n. 3 (1979). To prevail upon a § 1983 claim a plaintiff must establish two elements: (1) a constitutional violation; and (2) that the defendants were acting under color of state law when they committed the constitutional violation. Whitley v. Hanna, 726 F.3d 631, 638 (5th Cir. 2013).

### B. Section 1915A

Section 1915A, of title 28 United States Code, requires the Court to review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The Court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2). "[Section] 1915A applies regardless of whether the plaintiff has paid a filing fee or is proceeding in forma pauperis ('IFP'), and also does not distinguish between dismissals as frivolous and dismissals for failure to state a claim." Ruiz v. U.S., 160 F.3d 273, 274 (5th Cir. 1998).

A dismissal for failure to state a claim upon which relief can be granted, under § 1915A, is examined under the same standards as those applicable to FED. R. CIV. P. 12(b)(6). Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999).

**C. Rule 12(b)(6)**

Dismissal under Rule 12(b)(6) is appropriate when the plaintiff has failed to plead sufficient facts "to state a claim to relief that is plausible on its face." Ferguson v. Bank of New York Mellon Corp., 802 F.3d 777, 780 (5th Cir. 2015) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). If "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," then dismissal is proper. Id. at 679.

"In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information to which the court addresses its inquiry is limited to the (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." Walker v. Beaumont Indep. Sch. Dist., 938 F.3d 724, 735 (5th Cir. 2019). All well-pled facts must be viewed in the light most favorable to the plaintiff. Schweitzer v. Inv. Comm. of Phillips 66 Sav. Plan, 960 F.3d 190, 194 (5th Cir. 2020).

Dismissal, for failing to state a claim upon which relief can be granted, is a dismissal on the merits and with prejudice. Memon v. Allied Domecq QSR, 385 F.3d 871, 874 n. 6 (5th Cir. 2004).

**III. Analysis**

Allegations by pro se litigants must be given liberal construction to ensure that their claims are not unfairly dismissed because of their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). That latitude, however, "does not exempt a party from compliance with relevant rules of procedural and substantive law." Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981). Even granting Glover this leeway, he still fails to state a claim upon which relief can be granted.

4

Glover has raised two claims: (1) that he was not given a copy of the complaint that he was entitled to under state law and (2) he was denied bail. Each of these claims are meritless.

**A. Complaint**

Glover's first claim is that he was not given a copy of the complaint against him prior to his prosecution, in violation of TEX. CODE CRIM. PROC. § 45.018. Dkt. No. 1, p. 1. Stated simply, this statute is not applicable to Glover.

The statute provides that "A defendant is entitled to notice of a complaint against the defendant not later than the day before the date of any proceeding in the prosecution of the defendant under the complaint." TEX. CODE CRIM. PROC. § 45.018(b). The complaint referred to here is one that invokes the original criminal jurisdiction of a justice or municipal court. Schinzing v. State, 234 S.W.3d 208, 210 (Tex. App. 2007). This statute applies to criminal court proceedings in "justice and municipal courts." § 45.002. This was not the situation confronting Glover.

Indeed, Lopez did not initiate a criminal case in the jurisdiction of the justice court. Instead, she sought an arrest warrant from the justice court. The law is quite clear, that a justice of the peace is considered a magistrate under state law. TEX. CRIM. CODE & PROC. § 2.09. As a magistrate, he is authorized to sign an arrest warrant. This is the case even though the Justice Court lacks the jurisdiction to try to the defendant for the offense charged. TEX. CRIM. CODE & PROC. § 15.03(a); Schmidt v. State, 449 S.W.2d 39, 41 (Tex. Crim. App. 1970) ("We find no merit in appellant's contention that the Justice of the Peace had no jurisdiction to issue the warrant of arrest because the Justice Court was without jurisdiction to try the defendant for the offense charged. The Justice of the Peace is a magistrate and may issue such a warrant.").

Glover is not being tried in the Justice Court; indeed, that court lacks the jurisdiction to try him for the charges that he faces. Because he was not being tried in the Justice Court, the Defendants were not required to provide him with a copy of the complaint pursuant to § 45.018. Because the Justice Court rules don't apply in situations such as Glover's, this claim is meritless.

Glover has raised two claims: (1) that he was not given a copy of the complaint that he was entitled to under state law and (2) he was denied bail. Each of these claims are meritless.

**A. Complaint**

Glover's first claim is that he was not given a copy of the complaint against him prior to his prosecution, in violation of TEX. CODE CRIM. PROC. § 45.018. Dkt. No. 1, p. 1. Stated simply, this statute is not applicable to Glover.

The statute provides that "A defendant is entitled to notice of a complaint against the defendant not later than the day before the date of any proceeding in the prosecution of the defendant under the complaint." TEX. CODE CRIM. PROC. § 45.018(b). The complaint referred to here is one that invokes the original criminal jurisdiction of a justice or municipal court. Schinzing v. State, 234 S.W.3d 208, 210 (Tex. App. 2007). This statute applies to criminal court proceedings in "justice and municipal courts." § 45.002. This was not the situation confronting Glover.

Indeed, Lopez did not initiate a criminal case in the jurisdiction of the justice court. Instead, she sought an arrest warrant from the justice court. The law is quite clear, that a justice of the peace is considered a magistrate under state law. TEX. CRIM. CODE & PROC. § 2.09. As a magistrate, he is authorized to sign an arrest warrant. This is the case even though the Justice Court lacks the jurisdiction to try to the defendant for the offense charged. TEX. CRIM. CODE & PROC. § 15.03(a); Schmidt v. State, 449 S.W.2d 39, 41 (Tex. Crim. App. 1970) ("We find no merit in appellant's contention that the Justice of the Peace had no jurisdiction to issue the warrant of arrest because the Justice Court was without jurisdiction to try the defendant for the offense charged. The Justice of the Peace is a magistrate and may issue such a warrant.").

Glover is not being tried in the Justice Court; indeed, that court lacks the jurisdiction to try him for the charges that he faces. Because he was not being tried in the Justice Court, the Defendants were not required to provide him with a copy of the complaint pursuant to § 45.018. Because the Justice Court rules don't apply in situations such as Glover's, this claim is meritless.

**B. Bail**

Glover complains that he is being detained with a bond of at least $300,000, which he cannot afford to pay. He claims that this constitutes excessive bond, in violation of the Eighth Amendment. Additionally, Glover seeks relief against Limas for setting the bail and against Cameron County, for establishing the rules that permitted such bail. Dkt. No. 20. This claim is meritless.

The Eighth Amendment prohibits "excessive bail." U.S. Const. amend. VIII. "[T]he Eighth Amendment's proscription of excessive bail has been assumed to have application to the States through the Fourteenth Amendment." Schilb v. Kuebel, 404 U.S. 357, 365 (1971). However, "[n]either the Eighth Amendment nor the Fourteenth Amendment requires that everyone charged with a state offense must be given his liberty on bail pending trial." Mastrian v. Hedman, 326 F.2d 708, 710 (8th Cir. 1964).

Bail is unconstitutionally excessive only "when set in an amount greater than that required for reasonable assurance of the presence of the defendant." U.S. v. McConnell, 842 F.2d 105, 107 (5th Cir. 1988). "But a bail setting is not constitutionally excessive merely because a defendant is financially unable to satisfy the requirement." Id. Even if a defendant cannot afford to pay the full amount of bail, the bail is not excessive if the Court concludes "that the amount of the bond is necessary to reasonably assure the defendant's attendance at trial or the safety of the community." U.S. v. Fidler, 419 F.3d 1026, 1028 (9th Cir. 2005). Under those circumstances, the defendant is being detained "not because he cannot raise the money, but because without the money, the risk of flight is too great." U.S. v. Jessup, 757 F.2d 378, 389 (1st Cir. 1985), abrogated on other grounds by U.S. v. O'Brien, 895 F.2d 810 (1st Cir. 1990).

Glover has filed some of the state court bail orders issued in his case. In each order, the Court specifically noted that the bond and conditions of bond were set "in order to secure the attendance of the defendant at trial and to protect the community." Dkt. No. 22, pp. 4-7. Glover faces a high total bond not because of his indigency, but because he is facing at least 32 separate felony charges related to sexual misconduct with children. The Texas courts have placed such bond levels on him to ensure that he appears in court and to

6

protect the community. His bond raises no constitutional issues and all claims related to it are dismissed.

## IV. Order

It is ordered that the complaint filed by DeIra Glover be dismissed with prejudice for failure to state a claim upon which relief can be granted.

DONE at Brownsville, Texas on September 15, 2021.

_____
Ronald G. Morgan
United States Magistrate Judge